**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**YASMEEN S. PARADISE,**

                              Plaintiff,               1:13-cv-828
                                                                      (GLS)

                v.

**COMMISSIONER OF SOCIAL SECURITY,**

                              Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group | HOWARD D. OLINSKY, ESQ. |
| 300 S. State Street | |
| Suite 420 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | REBECCA H. ESTELLE |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Yasmeen S. Paradise challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Paradise's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

### II. Background

On April 27, 2010, Paradise filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since April 30, 2008. (Tr.[1] at 81-82, 151-60.) After her applications were denied, (*id.* at 86-97), Paradise requested a hearing before an Administrative Law Judge (ALJ), which was held on July 14, 2011, (*id.* at 44-74, 98-99).[2] On December 2, 2011, the ALJ issued an unfavorable decision denying the requested benefits which became the Commissioner's final determination upon the

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

[2] At the administrative hearing, Paradise amended her alleged onset date to March 25, 2009. (Tr. at 48.)

Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 22-38.)

Paradise commenced the present action by filing her complaint on July 15, 2013 wherein she sought review of the Commissioner's determination. (Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 12, 13.)

### III. Contentions

Paradise contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 12 at 15-24.) Specifically, Paradise claims that: (1) the Appeals Council erred in denying her request for review in light of the new evidence she submitted after the ALJ issued his decision; (2) the ALJ improperly evaluated her credibility; and (3) the ALJ erred in failing to obtain the testimony of a vocational expert (VE) at step five of the sequential evaluation. (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 13 at 4-10.)

### IV. Facts

3

The court adopts the parties' undisputed factual recitations. (Dkt. No. 12 at 2-14; Dkt. No. 13 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. New Evidence

Paradise first claims that the Appeals council erred in its evaluation of new and material evidence from treating physician James Yovanoff. (Dkt. No. 12 at 15-19.) According to Paradise, the Appeals Council's failure to explain why Dr. Yovanoff's new opinion did not render the ALJ's findings contrary to the weight of the evidence requires remand. (*Id.*) The court

---

[3] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the regulations governing SSI are omitted.

disagrees.

The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ] hearing decision." 20 C.F.R. § 404.976(b)(1); *see Perez*, 77 F.3d 41, 45 (2d Cir. 1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). However, even if "the Appeals Council denies review after considering new evidence, the [Commissioner]'s final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez*, 77 F.3d at 45 (internal quotation marks and citation omitted). Accordingly, the additional evidence becomes part of the administrative record reviewed by the district court. *Id*. at 45-46.

Here, the ALJ had before him the July 2010 opinion of Dr. Yovanoff that Paradise could lift and carry twenty pounds occasionally and five to ten pounds frequently, stand and walk for six hours of a workday, and was not limited in her ability to sit, push, or pull.[4] (Tr. at 304-11.) Following

---

[4] The ALJ relied, in part, on Dr. Yovanoff's July 2010 opinion to determine that Paradise can sit for six hours and stand for two hours of an eight-hour workday. (Tr. at 29.)

issuance of the ALJ's decision, but prior to a determination by the Appeals Council, Paradise submitted an additional opinion of Dr. Yovanoff, dated June 20, 2011, limiting Paradise to sitting for thirty minutes at a time for up to four hours in a workday, and standing or walking for twenty minutes at a time, up to four hours in a workday. (*Id.* at 557-59.) The Appeals Council considered the June 2011 opinion of Dr. Yovanoff and concluded that it "does not show that the [ALJ's] action, findings or conclusion is contrary to the weight of the evidence currently of record." (*Id.* at 2.)

The Appeals Council did not err in refusing to remand the case to the ALJ based on the new evidence provided by Paradise. The June 2011 opinion was not submitted with any additional treatment notes, and Dr. Yovanoff offered no clinical or laboratory findings to support his new opinion. (*Id.* at 557-59.) Treatment notes throughout the record indicate no limitations in Paradise's ability to sit, and the only symptom that Paradise suffers, according to Dr. Yovanoff's June 2011 opinion, is chest pain. (*Id.* at 313-17, 337-41, 557.) Paradise testified that she is limited in her ability to sit because she experiences leg pain. (*Id.* at 64.) However, Paradise was noted to have a normal gait and good strength throughout the record, and had consistently normal neurological examinations. (*Id.* at

6

246, 249, 251, 254, 308, 314, 382, 386, 458, 524.) When Dr. Yovanoff examined Paradise in June 2011, she reported feeling well, although she still suffered persistent chest pain. (*Id.* at 460.) The examination results were benign. (*Id.*) In sum, Dr. Yovanoff's June 2011 opinion was not deserving of controlling weight[5] because it was contradicted by substantial evidence[6] of record and unsupported by relevant medical signs and findings. *See* 20 C.F.R. § 404.1527(c)(3), (4).

Based on the foregoing, the court concludes that the Appeals Council properly considered the new evidence submitted by Paradise, and properly determined that this new evidence did not affect the validity of the ALJ's decision.

B.  **Credibility Determination**

Next, Paradise argues that the ALJ's credibility findings are

---

[5] Controlling weight will be given to a treating source's opinion on the nature and severity of a claimant's impairments where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). When a treating source's opinion is given less than controlling weight, the ALJ is required to consider the following factors: the length, nature and extent of the treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. 20 C.F.R. § 404.1527(c)(2)-(6).

[6] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

unsupported by substantial evidence. (Dkt. No. 12 at 19-22.) In particular, Paradise asserts that the ALJ erred in: (1) failing to consider a possible medical basis for her failure to take prescribed antibiotics; (2) considering her work history, which is irrelevant in this case; (3) relying on an inconsistency between her testimony and certain medical records with respect to her dominant hand; (4) discounting her complaints of pain due to the ALJ's own observations of Paradise's behavior during the administrative hearing; (5) failing to evaluate the significant side effects of Paradise's medications; and (6) relying on her ability to perform basic daily activities as evidence of her ability to work five days a week, eight hours a day. (*Id.*) Again the court disagrees.

"Evidence of pain is an important element in the adjudication of DIB and SSI claims, and must be thoroughly considered in calculating the [residual functional capacity (RFC)] of a claimant."[7] *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010). To that end, once the ALJ determines that the claimant suffers from a "medically determinable impairment[] that

---

[7] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d at 46.

8

could reasonably be expected to produce the [symptoms] alleged," he "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Id.* (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96-7p, 61 Fed. Reg. 34,483, 34,485 (July 2, 1996). Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at \*19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi))).

Here, the ALJ found Paradise's statements with regard to the intensity, persistence, and limiting effects of her symptoms not fully credible. (Tr. at 30.) The ALJ noted that Paradise's treatment records,

9

which were largely devoid of complaints of back or joint pain and headaches, were inconsistent with her hearing testimony. (*Id.* at 30, 53, 55, 64, 67-68, 248-49, 253-54, 313-17, 337-41, 377, 380, 385, 425, 457, 460, 502-03.) The ALJ also noted that Paradise testified that she had been terminated from her last employer due to tardiness, and did not indicate that her symptoms hindered her ability to work at that time. (*Id.* at 30, 51-52.) Additionally, the ALJ highlighted Paradise's ability to vacuum, make beds, wash dishes, and care for her nine-year old child, and that she only needed help showering due to a recent foot surgery that she was recovering from. (*Id.* at 30, 61-62.) Further, the ALJ considered Paradise's testimony that she was currently in pain, but observed that "she did not appear to be in obvious pain and she tolerated the proceedings without complaining, alternating positions, or showing physical limitations whatsoever to sit or rise from her chair." (*Id.* at 30, 55.) In addition, the ALJ considered the objective medical evidence of record and the opinions of Dr. Yovanoff and treating physician Tanveer Sultan, who saw Paradise for her right toe infection. (*Id.* at 30-33.)

Based on the foregoing, the ALJ's credibility determination is legally sound. *See* 20 C.F.R. § 404.1529(c)(3)-(4) (requiring the ALJ to consider

10

all of the evidence presented in making his credibility determination, "including information about [the claimant's] prior work record, . . . statements about [her] symptoms, evidence submitted by [her] treating or nontreating source, and observations by [Social Security Administration's] employees and other persons," as well as "any inconsistencies in the evidence and the extent to which there [were] conflicts between [the claimant's] statements and the rest of the evidence"). Paradise argues that, when considering her failure to take her prescribed medications, the ALJ failed to account for her medical diagnoses of dysphagia and odynophagia, which indicate difficult and painful swallowing. (Dkt. No. 12 at 19.) However, although the ALJ noted that Paradise experienced complications from surgery to remove a bunion on her right foot because she did not take her prescribed antibiotics, the ALJ did not indicate that he discounted Paradise's subjective complaints based on this failure to follow recommended treatment. (Tr. at 31-32, 457, 465, 489.) Instead, the ALJ included restrictions on Paradise's ability to stand and walk in his RFC determination due to her foot infection. (*Id.* at 29, 32-33); *cf.* SSR 96-7p, 61 Fed. Reg. at 34,487 (explaining that an "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the

11

level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure"). Similarly, it does not appear that the ALJ discounted Paradise's testimony based on a discrepancy in the administrative record as to which hand is her dominant hand.[8] (Tr. at 30.) Rather, the ALJ merely noted this discrepancy when summarizing Paradise's testimony. (*Id.* at 29-30.)

With respect to the ALJ's failure to discuss the side effects of Paradise's medications, it is not necessary that the ALJ "have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (internal quotation marks and citation omitted). Notably, treatment notes from her most recent visit to her primary care physician's office in May 2011 reflect that Paradise was not experiencing any medication side effects. (Tr. at 457.) Finally, with respect to her daily activities, the ALJ properly considered them as a factor relevant to evaluating Paradise's

---

[8] Paradise contends that the ALJ failed to consider that there was "likely a typographical error" in her treatment notes indicating that she is right-handed, contrary to her testimony that she is left-handed. (Dkt. No. 12 at 20; *compare* Tr. at 49, *with id.* at 221.)

12

symptoms.  *See* 20 C.F.R. § 404.1529(c)(3)(i).  Standing alone, the daily activities do not create an independent basis for finding Paradise not credible.  However, taken as a whole, the ALJ's credibility determination is not "patently unreasonable."  *Pietrunti v. Director, Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." (internal quotation marks and citation omitted)).

## C. Step Five Determination

Finally, Paradise contends that the ALJ's step five determination is unsupported by substantial evidence because the ALJ failed to obtain the testimony of a VE.  (Dkt. No. 12 at 22-24.)  According to Paradise, because the evidence of record, including her testimony, the examination findings, and diagnoses, revealed that she experiences significant pain, reliance on the Medical-Vocational guidelines was inappropriate.  (*Id.*)  The Commissioner counters, and the court agrees, that because the ALJ determined that Paradise can perform a wide range of sedentary work, his reliance on the Medical-Vocational guidelines was appropriate.  (Dkt. No. 13 at 9-10.)

In making his ultimate disability determination, the ALJ must consider whether the claimant can do any other, less demanding work existing in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c); *White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). To make such a determination, an ALJ may rely on the Medical-Vocational Guidelines, referred to as "the grids," found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and RFC coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 404.1569; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, "if a claimant's nonexertional impairments 'significantly limit the range of work permitted by h[er] exertional limitations' then the grids obviously will not accurately determine disability status because they fail to take into account claimant's nonexertional impairments." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (quoting *Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir. 1983)). In that case, the ALJ should consult with a VE before making a determination as to disability. *See id.*

Under the regulations, "[s]edentary work involves lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket

14

files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Further, "a sedentary job is defined as one which involves sitting," and "periods of standing or walking should generally total no more than about [two] hours of an [eight]-hour workday, and sitting should generally total approximately [six] hours of an [eight]-hour workday." SSR 83-10, 1983 WL 31251, at *5 (1983). As discussed above, the ALJ properly discounted Paradise's subjective complaints of pain and determined that Paradise can sit for six hours and stand and walk for two hours in a workday, as well as lift and carry ten pounds occasionally and less than ten pounds frequently. (Tr. at 29-33); s*ee supra* Part VI.B. Thus, the ALJ reasonably concluded that Paradise can perform sedentary work. (Tr. at 34.) That finding obviated the need to consult with a VE. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.28.

### D. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and

Paradise's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

      **ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 3, 2014
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court